FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2012 MAR 26  A 10: 26

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| MIGUEL MORALES,<br>6324 Kilmer Street<br>Cheverly, MD 20785,<br><br>PLAINTIFF<br><br>vs.<br><br>UNKNOWN PRINCE GEORGE'S COUNTY EMPLOYEES, in their individual capacity,<br>Prince George's County Correctional Center<br>13400 Dille Drive<br>Upper Marlboro, MD<br><br>DEFENDANTS | Judge _____<br>Civil Action No. _____<br><br><br><br>**JURY DEMANDED** |

## COMPLAINT

### THE PARTIES

1.  Plaintiff MIGUEL MORALES resides in Maryland at 6324 Kilmer Street, Cheverly, MD 20785.

2.  Defendants UNKNOWN PRINCE GEORGE'S COUNTY EMPLOYEES are, and at all times relevant to this complaint, were, employees of Prince George's County, a political subdivision of the State of Maryland, acting within the scope of their employment under color of state law. Defendants UNKNOWN PRINCE GEORGE'S COUNTY EMPLOYEES are sued in their individual capacities.

### JURISDICTION AND VENUE

3.  This action arises under 42 U.S.C. § 1983.

1

4. This Court has subject matter jurisdiction pursuant to 28 USC §§ 1343(a)(3) and 1331.

5. Venue is proper pursuant to 28 USC §§ 1391 and 1402. A substantial part of the events or omissions giving rise to this action occurred within this district, Plaintiff was located within the district at the time the events occurred, and Defendants may be found in this district.

## FACTUAL ALLEGATIONS

6. Mr. Morales was taken to Hyattsville Regional Booking facility on April 16, 2010 after being arrested by Officer Proctor (#3417) for several traffic offenses.

7. On April 17, the officer on duty told Mr. Morales that there was no reason to hold him and asked Mr. Morales if someone could come pick him up.

8. In the early morning hours of April 17, 2010, ICE interviewed Mr. Morales at the Hyattsville facility.

9. On the morning of April 17, 2010, after the ICE interview, Mr. Morales was transferred to Prince George's County Correctional Center.

10. On April 17, 2010, a judicial officer (Commission #5139) signed a form stating that there was no probable cause to hold Mr. Morales.

11. On April 17, 2010, Mr. Morales's brother came to pick him up from Prince George's County Correctional Center. Defendant UNKNOWN PRINCE GEORGE'S COUNTY EMPLOYEE told Mr. Morales's brother that there was no immigration hold set for Mr. Morales, but that he could not be released. However, in truth and in fact, no legitimate, alternative basis for Mr. Morales's continued confinement existed and Defendant UNKNOWN PRINCE GEORGE'S COUNTY EMPLOYEE had

no reason to believe a legitimate, alternative basis existed for Mr. Morales' continued confinement.

12. On or about April 19, 2010, Defendant UNKNOWN PRINCE GEORGE'S COUNTY EMPLOYEE told Mr. Morales that he would be released soon. Defendant UNKNOWN PRINCE GEORGE'S COUNTY EMPLOYEE knew that there was no legitimate basis for continuing to hold Mr. Morales.

13. However, Mr. Morales was not released until April 26, 2010.

14. Any administrative tasks necessary to effect the release of Mr. Morales after the judicial officer ordered his release could have been accomplished in a matter of hours.

15. Defendant UNKNOWN PRINCE GEORGE'S COUNTY EMPLOYEE made the decision to hold Mr. Morales after a judicial officer determined that there was no probable cause to hold him.

## COUNT I: VIOLATION OF DUE PROCESS UNDER THE FOURTEENTH AMENDMENT (42 U.S.C. § 1983)

16. Plaintiff restates and incorporates each of the preceding paragraphs as if set forth fully herein.

17. .Defendants UNKNOWN PRINCE GEORGE'S COUNTY EMPLOYEES were deliberately indifferent to Mr. Morales' constitutional right to be free from prolonged detention after he was entitled to be released.

18. The actions of Defendants UNKNOWN PRINCE GEORGE'S COUNTY EMPLOYEES in overdetaining Mr. Morales for nine days interfered with Mr. Morales' fundamental right to be free from detention without probable cause and shock the conscience.

PRAYER FOR RELIEF

1. Compensatory and punitive damages in an amount to be determined at trial;

2. Reasonable attorney's fees, costs, and expenses; and

3. Such other relief as the Court deems just and equitable.

JURY DEMAND

Plaintiff demands a trial by jury with the maximum number of jurors for all issues that may be lawfully determined by a jury.

Respectfully Submitted,

*[signature]*

Rachael Moshman,
2000 P St., NW
Suite 415
Washington, DC 20036-6922
202-441-1357
~~rmoshman@hotmail.com~~
rachael@rasmlaw.com